**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 1:15-cr-00023-001-KAC-SKL |
| v. | ) | |
| | ) | |
| DAVID HENDERSON | ) | |

## MEMORANDUM AND ORDER

DAVID HENDERSON ("Defendant") came before the Court for an initial appearance on May 23, 2023, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for Warrant for Offender Under Supervision [Doc. 609] ("the Petition").

After being sworn in due form of law, Defendant was informed of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

The Court determined Defendant wished to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at government expense. Consequently, the Court **APPOINTED** attorney Damon Burk of Federal Defender Services of Eastern Tennessee, Inc., to represent Defendant.

Defendant was furnished with a copy of the Petition, and had an opportunity to review that document with his attorney. The Court determined that Defendant was able to read and understand the Petition with the assistance of his counsel. In addition, AUSA Steve Neff explained to Defendant the specific charges contained in the Petition. Defendant acknowledged he understood the charges in the Petition.

The Government moved Defendant be detained pending disposition of the Petition or further Order of this Court. The Court explained Defendant's right to a preliminary hearing and detention hearing and what those hearings entail. After conferring with his counsel, Defendant waived the preliminary hearing and the detention hearing.

The Court found that probable cause exists to demonstrate that Defendant committed violations of his conditions of supervised release, and that Defendant did not carry the burden of establishing by clear and convincing evidence that he would not flee or pose a danger to any other person or to the community. Consequently, the Court **GRANTED** the Government's oral motion to detain Defendant pending disposition of the Petition or further Order of this Court.

It is, therefore, **ORDERED** that:

1. The Government's motion that Defendant be **DETAINED WITHOUT**

**BAIL** pending the revocation hearing is **GRANTED**.

2. Unless revised by further order of the Court, the United States Marshals Service shall transport Defendant to the revocation hearing before the Honorable United States District Judge Katharine A. Crytzer on **June 14, 2023, at 11:00 a.m.**

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE